UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 3:15CR160 (JAM) |
| v. | : | |
| | : | |
| ISAIAH GAMBLE | : | August 30, 2016 |

# GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The Government respectfully submits this Sentencing Memorandum with regard to defendant Isaiah GAMBLE, a.k.a. "Fresh" and "Zay," (the "defendant" or "Gamble") who is currently scheduled for sentencing on September 6, 2016 at 10:00 a.m.

## I. INTRODUCTION AND BACKGROUND

That Gamble qualifies as a Criminal History Category (CHC) I should not be construed to mean that this is his first contact with the criminal justice system. In fact, Gamble has numerous contacts with the criminal justice system, and has yet to accept that there are consequences to his decisions. His criminal history at the time he was arrested on the present charges included multiple arrests between March 2014 and July 2015. Gamble had been charged with criminal trespass, failure to appear, criminal trespass, failure to appear, breach of peace and carrying a dangerous weapon, disorderly conduct, and criminal trespass, all arising from six separate arrests. Only the disorderly conduct case from East Hartford remains pending. See PSR ¶ 33. The case giving rise to the charge of carrying a dangerous weapon was disposed of through the Court's accelerated rehabilitation program. It is worth noting, however, that case involved Gamble and some of his friends driving in the North End of Hartford shooting paintball guns at passers-by. The other cases were resolved in Community Court.

He is also no stranger to Hartford Police who have identified him as a member of the Hoodstarz street gang, who hangs out at the "Fort" on 184 Westland Street. The drug dealing activity for which Gamble is to be sentenced took place nearby at 188 Westland Street. This is an area associated with the Hoodstarz and Westhell street gangs.

Gamble was also a victim of suspected gang violence. In July 2013, he was shot outside a Hartford night club. The suspected shooters were members of the rival gang the Dumouts. Gamble sustained a graze wound on his arm, but declined transport to the hospital. He reported to the police that he did not see who fired the approximate 10 gunshots.

Gamble is on a dangerous path. His associations with gang members and locations where violence is a regular occurrence, his drug dealing activity in gang-controlled areas, his repeated contacts with the criminal justice system, which resulted with very little punishment, all suggest a trend of increasingly more serious conduct.[1] The criminal justice system thus far has served more to enable Gamble's poor decision making, rather than to deter him.

## II. <u>FACTS AND CIRCUMSTANCES OF DEFENDANT'S CONDUCT</u>

The investigation which culminated with Gamble's indictment was a joint operation involving the FBI and the Hartford Police Vice, Intelligence and Narcotics (VIN) Unit targeting gang members who are trafficking in narcotics, principally in the North End of Hartford. The

---

[1] In the Spring and Summer of 2015 there was a spike of gang-related violence between the Hoodstarz and the Dumouts. In May 2015, two members of the Dumouts were shot in the area of 17 Belden Street. A Hartford Police source identified Gamble and another Hoodstarz member as the perpetrators of the shooting. This source told Hartford Police that Gamble and the other participant told the source of their plan to do the shooting on the day of the incident, and that Gamble was the shooter. Both victims suffered non-fatal gunshot wounds. The firearm used in the Belden Street shooting was also used in a shooting with a victim on June 1, 2015 on Martin Street and a shots fired incident (no known victims) on Mather Street on May 23, 2015. Gamble has not been charged with any crime associated with these events, and the government is not asking for a higher sentence because he was identified as being involved. Its relevance here is illustrative of where there is smoke, there is more likely than not, fire, and that his criminal associations are a big part of his story and the seriousness of his present offense.

primary objective of this investigation was to disrupt and quash the rising violence in targeted areas in Hartford. Gamble, like the other members targeted in this investigation, were affiliated with groups and gangs who are and have been involved in violence. Gamble was identified as a member of the Hoodstarz, one of several geographically based gangs operating in the North End of Hartford.

The initial phase of the investigation was to identify those suspected gang and group members who were also engaged in other criminal activity, such as selling narcotics or possessing firearms. Utilizing confidential sources to introduce undercover officers, investigators were successful in conducting multiple purchases of narcotics from various dealers, including Gamble. The controlled purchases of narcotics were also recorded by video and audio equipment. Those transactions were conducted on July 23, August 12, and September 2, 2015. In addition, when Gamble was arrested on September 15, 2015, the UC had called Gamble and arranged to purchase additional quantities of crack cocaine, which was seized from Gamble when he was arrested.

## III. **GUIDELINE CALCULATION**

The parties stipulated to a relevant and readily foreseeable quantity of crack cocaine of at least 11.2 but less than 16.8 grams of crack cocaine. As noted herein, the defendant is CHC I and therefore the resulting sentencing guideline range is 18 to 24 months of imprisonment. See PSR ¶ 63.

## IV. **IMPOSITION OF A REASONABLE SENTENCE UNDER 18 U.S.C. § 3553(a)**

### A. Legal Standard

Under 18 U.S.C. § 3553(a), the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The statute then provides:

> The court, in determining the particular sentence to be imposed, shall consider–
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

B. Sentencing Factors in 18 U.S.C. § 3553(a)(2)

1. *Seriousness of the Offense, Respect for the Law, and Providing Just Punishment.*

Selling drugs is a serious offense, even when considering the comparatively small quantities for which Gamble is charged. Quantity is so often the focus in fashioning an appropriate sentence for a drug trafficking offense. At the higher end of the Guidelines sentencing range a fluctuation of 10 kilograms makes no difference, whereas 10 grams at the lower end, matters. The face of drug dealing, however, is on the street corners, in the alley, in the hallway of an apartment building, in a park next to a school . . . in your neighborhood. What scares most people about the scourge of drug dealing is what they see in their neighborhood every day, and every person in the distribution chain contributes to that reality. To the residents of our communities, it does not matter if you are selling grams, "balls," or ounces. It all infects their community.

The defendant was also selling drugs in gang territory, where violence is common place. Hartford Police have identified him as a Hoodstarz member and he was selling drugs in that area supports that association.

2. *Adequate Deterrence and Protection of the Public*

Gamble understandably touts a history with no criminal convictions. While accurate, Gamble is no stranger to the criminal justice system. That he has benefitted from favorable dispositions to date, either with nolles or diversionary programs, demonstrates that a more punitive sentence is needed here. Gamble has not only made repeated bad decisions, but high risk and dangerous decisions. He served approximately 7 weeks in pretrial detention before his release. He now asks this Court to impose no more. The government respectfully submits that

a sentence of 7 weeks is insufficient. Such a sentence will likely send the wrong message, that criminal activity will only result in the proverbial hand slap.

3. *Educational and Vocational Training, and Medical Care and Treatment*

The defendant reports history of drug use beginning with marijuana. PSR ¶ 48. He is a chronic marijuana user. Id. He never previously received treatment for his substance abuse. Id. ¶ 49. The defendant reported good physical and mental health. Id. ¶¶ 45, 51. He also reported strong family relationships. Id. ¶ 52. The defendant graduated high school and expressed an interest about furthering his education. Id. ¶ 54. The defendant has only a very limited employment history. Id. ¶¶ 57. There does not appear to be a good reason for this. He has a high school diploma and no criminal convictions.

## V. **SUMMARY AND CONCLUSION**

In consideration of all the sentencing factors, the government submits that a sentence of 18 months' imprisonment is not only reasonable and appropriate, but minimally necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

/s/ *Brian P. Leaming*
BRIAN P. LEAMING
ASSISTANT UNITED STATES ATTORNEY
450 Main Street, Room 328
Hartford CT 06103
(860) 947-1101
Federal Bar No. CT 16075

CERTIFICATE OF SERVICE

This is to certify that on August 30, 2016, a copy of the foregoing Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
BRIAN P. LEAMING
ASSISTANT UNITED STATES ATTORNEY